IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Christopher M. Phillips,** | ) | Civil Case No. 2:15-cv-2858-MBS-MGB |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Chief Arrowood, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Christopher M. Phillips ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He is incarcerated, and is proceeding *pro se* and *in forma pauperis*. This matter was referred to the Magistrate Judge for review. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed** without prejudice for the following reasons:

I.  Liberal Construction of Pro se Pleadings

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d

387, 391 (4th Cir.1990); *see also Bracken v. Simmons First Nat. Bank*, 2014 WL 2613175, *3 (D.S.C.). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.  Factual Allegations

Petitioner indicates he is a detainee at the York County Detention Center and is "presently assigned to the special needs unit maximum security level for mental health observation." (DE# 1, ¶ 2). He indicates that criminal charges are pending against him in state court for "petit larceny (enhanced), 3rd degree arson/burning crops/burning in an open field." (DE# 1, ¶4(a)). He adds, without explanation: "Please see Judge Antonio Scalia – United States Supreme Court!" (Id.). He has filed his petition *pro se*, but indicates he is represented by counsel (a York County public defender) in the state case. (DE# 1, ¶¶ 4(d), 6).

For his first ground for habeas relief, he states that "I was wrongfully imprisoned and sentenced by the very same General Session Court Judge that appointed Phil Smith to represent me by recommendation of the Prosecutor." As "supporting facts," he alleges --- in his own words – that "former Governor Mark Sanford sought to settle with me on the ground of wrongful imprisonment in 2007" and that "I agreed to settle for $700,000,000.00" (DE# 1, ¶ 15(a)).

For his second ground, he states that "the criminal allegations against me are extremely contradicting and fraudulently misrepresenting the facts regarding the legal ownership of property allegedly stolen." (DE# 1, ¶ 15(b)). As "supporting facts," he states that "to bring my case before Judge John C. Hayes might incriminate the prosecuting officer and make an open

display of trending acts of police corruption established by a highly detailed documented testimony." (Id.). He indicates that he has "issued written reports to United States Senator Lindsay Graham, South Carolina Governor Nikki Haley, and United States Supreme Court Justice: The Honorable Antonio Scalia."

For his third ground, he states (again, in his own words) that "Information Capital in the form of videos and audio recordings serving as capital assets exceeds by billions of dollars the $8,000.00 Cash Surety Bond Stipulating special bond condition unlawfully entraping." (spelling and capitalization in original).

For relief, he seeks "immediate dismissal of all charges" and release from purportedly "illegal detention" at the York County Detention Center. (DE# 1, ¶ 16).

Subsequent to filing such petition, Phillips submitted two lengthy hand-written letters which were filed in the docket. (DE# 3, 4). In the letter filed on August 3, 2015, he explains that the "State Governor was ordered to pay to entire (sic) $7,000,000,000.00 – Seven Billion Dollars listed in a 5 year business policy plan maliciously obstructed, hindered, and delayed by the locally corrupted Sixteenth Circuit Judicial Venue of York County." After "defining" some terms (*i.e.* malice, grudge, and exclusionary rule), he then states "my present putative claim of political imprisonment is a claim established under estate, title, and rank as member of the United States Federal Government Body held for ransom!" He continues in this fashion, explaining how he came to be arrested for possession of his grandfather's VISA card, checks, and several thousand dollars. He then mentions an interest in land and indicates that "my estate was at the time of delivery was conserved by the Senate Representation of former Senator Hillary Rodman Clinton." He then indicates that with respect to the pending state action, he

> "had entered into what was intended to be the final week of a liquidation
> and cleaning process, which had included the burning of trash, collection

> of cans, and collection of various metals throughout specific areas of the Community. The process of sanctification was a community effort following a a (sic) series of drug raids and service of warrants conducted by both State and Federal law enforcement agencys (sic). My actions included nothing unusual except the dis-assimulation (sic) of the aluminum tin portable camper formerly utilized as a black-market sex-trade and drug-trade center operated by my incapacitated drug addicted uncle…"

(DE# 3 at 4). He further asserts that "Under the Military Rules of Evidence, the International Court of Justice would interpret the actions of the local authorities as an act of Civil War aimed to oppress and strip the United States Federal Reserve Corporation of its security contracts…" (Id.). He also indicates he has corresponded with Senate Majority Leader Harry Reid about this.

In his letter filed on August 21, 2015, he thanks the Court for "correctly fulfilling" his pleading and indicates that this correspondence "shall serve the full term of my life as a United States Federal Judicial Official presently awaiting a United States Senate Confirmation." (DE# 4). He asserts that President George W. Bush, Jr. appointed him in 2008. He then states that the Sixteenth Circuit Solicitors Office has seditiously conspired in violation of due process to bring my case before a trial by jury…" He signed the letter "Strategically Regulated, Judge Christopher M. Phillips."

III.   Screening Pursuant to 28 U.S.C. § 1915

The petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. Petitioner is proceeding *in forma pauperis*, and thus, his petition is subject to screening under 28 U.S.C.A. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or

> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Under this statute, a petition based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Here, the claims are rambling, disjointed, and nonsensical. Petitioner, who indicates he is incarcerated and under "mental health observation," also purports to be awaiting Senate confirmation to be a federal judge. He also claims to have been married to the entertainer Alicia Keyes.

Although he purports to file a petition pursuant to 28 U.S.C. § 2241, he does not appear to be challenging the computation or execution of any federal sentence. In fact, to the extent any sense can be made of the petition, it appears that state charges are currently pending against him. To the extent he seeks release from custody, his allegations of corruption regarding state government are vague and incoherent, and provide no basis for release from detention or imprisonment. Even liberally construing the petition, it is not possible to discern any legal theory here, much less a viable one. Although he asserts that he is "the subject of more than three separate cases and controversies being handled by the United States District Court in over four separate states" (DE# 4 at 1), he does not identify them or give any reason why he believes he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). He is currently incarcerated in the York County Detention Center in South Carolina, and nothing in the petition indicates that he is "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1).

Even giving this petition the liberal construction afforded to *pro se* filings, no claim for relief is stated here. This petition should be dismissed because it is both frivolous and fails to state a claim on which relief may be granted. *See, e.g., Montero v. Bush*, 88 F.App'x 644 (4th

Cir. 2004) (affirming dismissal of § 2241 petition under 28 U.S.C. § 1915(e)(2)(B)). A district court may summarily dismiss a § 2241 petition if is plainly apparent from the record that the movant is not entitled to any relief. *See United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (dismissing § 2241 petition as frivolous); *Perkins v. Beeler*, 201 F.App'x 175 (4th Cir. 2006) (same); *United States v. Blohm*, 922 F.2d 836 (Table), 1990 WL 207337, *2 (4th Cir. 1990).

IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the petition (DE# 1) be **summarily dismissed** without prejudice.

Petitioner's attention is directed to the important notice on the following page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 2, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).