**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Christopher M. Phillips, | ) | Civil Action No. 2:15-2858-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Chief Arrowood, Warden | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Christopher M. Phillips ("Petitioner"), proceeding pro se and in forma pauperis, brings this action against Respondent Chief Arrowood pursuant to 28 U.S.C. § 2241.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2015, Petitioner filed the instant petition while he was a state detainee at the York County Detention Center in Columbia, South Carolina. Petitioner stated that he had charges pending against him for "peetit larceny (enhanced) and third degree arson/burning crops/burning in an open field." ECF No. 1 at 3.  Petitioner brought this action seeking "immediate dismissal of all charges" and a release from his "illegal detention." *Id*. at 9. As grounds for release, Petitioner asserted that (1) he was "wrongfully imprisoned and sentenced by the very same General Sessions Court judge that appointed Phil Smith to represent me by recommendation of the prosecutor;" (2) the criminal allegations against him were "extremely contradicting and fraudulently misrepresenting the facts regarding the legal ownership" of the allegedly stolen property; and (3) "information capital in the form of videos and audio recordings serving as capital assets exceed[ed] by billons of dollars the $8,000.00 Cash Surety Bond stipulating special bond condition entraping." (Spelling and

1

capitalization in original). *Id.* at 8.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation. The Magistrate Judge reviewed the petition pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge filed a Report and Recommendation on September 2, 2015. ECF No. 12. The Magistrate Judge determined that Petitioner's petition was disjointed, nonsensical, and did not appear to challenge the computation or execution of any federal sentence. *Id.* at 5. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice. *Id.* Petitioner filed objections to the Report and Recommendation on September 11, 2015. ECF No. 15. On September 18, 2015, Petitioner filed additional objections to the Report and Recommendation. ECF No. 18.

## II. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff's objections, read in part as follows, verbatim:

First, I find it necessary to correct myself regarding any misunderstandings or miscommunications regarding written statements submitted in petition as a legal action. I was never arrested for possession of my grandfather's visa card, checks, or other financial instrument. My visa rush card and digital pin receipts were stolen from my brief case. The brief case was locked in my grandfathers truck in the parking lot of the local Lowes department store. JP Morgan Chase Bank was the account holder, while Suntrust Bank was the balance conveyor. Following the events you have defined or

2

> rather infered as plausible; I was asked how I wanted my money. I requested to be paid in land, stocks, and bonds. During the period of United States sanctions imposed against the State of South Carolina upon the vote of 49 to 1; I received a visit from Hillary Rodham Clinton at the Kershaw Corrections Department. My securities were purchased by the United States Federal Government. I am positively sure that you will be squarely presented with the corpus of audio and video surveillence footage as the burden of proof regarding the dereliction of my duty to seek the assistance of Janet Reno before submitting this petition.

ECF No. 15. Plaintiff's other objections are similarly circuitous and inapposite to the Magistrate Judge's findings.

The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff's responses do not rebut the Magistrate Judge's conclusion that the complaint should be summarily dismissed.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint is dismissed, without prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

July 19, 2016
Columbia, South Carolina

3